**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4148**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

RODNEY DEJUAN ALLISON, a/k/a Hot, a/k/a Biggs,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:19-cr-00028-MR-WCM-2)

───────────────

Submitted:  February 27, 2023                       Decided:  June 26, 2023

───────────────

Before GREGORY, Chief Judge, and NIEMEYER and AGEE, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Dejuan Allison pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. The district court granted a downward departure, established a Sentencing Guidelines range of 292 to 365 months' imprisonment, and imposed a within-Guidelines sentence of 310 months' imprisonment. On appeal, Allison's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the prosecutor engaged in misconduct at sentencing. Allison has filed a pro se supplemental brief, arguing that the district court erred in its calculation of his Sentencing Guidelines range by applying a three-level aggravated role enhancement as well as two-level enhancements for possessing a firearm during the offense and maintaining a premises for drug distribution. The Government has declined to file a response. We affirm.

I

First, *Anders* counsel argues that at Allison's sentencing hearing, the Government overstated his criminal record, as compared to his codefendants, and improperly contended that he utilized intimidation to operate the drug conspiracy. To prevail on a prosecutorial misconduct claim, a "defendant must show (1) the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair [sentencing proceeding.]" *United States v. Benson*, 957 F.3d 218, 234 (4th Cir. 2020) (internal quotation marks omitted). "[W]e review for plain error a prosecutorial misconduct claim that was not raised or presented to the trial court." *United*

2

*States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005).  "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).  Our review of the record reveals no error, let alone plain error, in the prosecutor's remarks at sentencing.  Accordingly, Allison has not established his claim of prosecutorial misconduct.

II

Allison next challenges multiple enhancements that the district court applied during the calculation of his Sentencing Guidelines range.  We review a criminal sentence for reasonableness, applying "a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error."  *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted).  "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

First, Allison challenges the two-level firearm enhancement applied pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018), arguing that he was not arrested with any firearms.  "The Sentencing Guidelines provide that when sentencing a defendant convicted of drug offenses, the defendant's base offense level should be increased by two

3

levels '[i]f a dangerous weapon (including a firearm) was possessed.'" *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017) (quoting USSG § 2D1.1(b)(1)). "[T]he enhancement is proper when the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." *Id.* (internal quotation marks omitted).

To carry its "initial burden of proving, by a preponderance of the evidence, that the weapon was possessed in connection with the relevant illegal drug activity, . . . the government need prove only that the weapon was present, which it may do by establishing a temporal and spatial relation linking the weapon, the drug trafficking activity, and the defendant." *Id.* (internal quotation marks omitted). If the Government meets its burden, "the sentencing court presumes that the weapon was possessed in connection with the relevant drug activity and applies the enhancement, unless the defendant rebuts the presumption by showing that such a connection was clearly improbable." *Id.* (internal quotation marks omitted). Here, law enforcement officers recovered multiple loaded firearms from each of Allison's residences, in addition to drugs, large amounts of cash, and various drug distribution paraphernalia. Allison's assertion that others also had access to these locations does not rebut the presumption that the firearms were possessed in connection with the drug conspiracy. *See United States v. Manigan*, 592 F.3d 621, 630 (4th Cir. 2010) ("[A] sentencing court might reasonably infer, in the proper circumstances, that a handgun seized from the residence of a drug trafficker was possessed in connection with his drug activities."); *see also id.* at 629 (explaining that "the proximity of guns to

4

illicit narcotics can support" application of enhancement (internal quotation marks omitted)). Accordingly, the district court did not clearly err by applying this enhancement.

Next, Allison challenges the two-level enhancement applied pursuant to USSG § 2D1.1(b)(12) for maintaining a premises. Under this section, a two-level enhancement applies when an individual "maintain[s] a premises for the purpose of manufacturing or distributing a controlled substance." The commentary clarifies that "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises." USSG § 2D1.1 cmt. n.17. "Among the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." *Id.* Relevant factors other than possessory interest include "the defendant's ready access to the premises, staying overnight, the defendant's frequency at the premises, and the defendant's participation in the drug activity there." *United States v. Barnett*, 48 F.4th 216, 220-21 (4th Cir. 2022), *cert. denied*, No. 22-6414, 2023 WL 2124102 (U.S. Feb. 21, 2023).

Here, law enforcement officers seized documents demonstrating Allison's ownership of his residence during their execution of a search warrant. In addition, evidence procured via a pole camera confirmed that Allison lived at the residence and went back and forth throughout the day between that residence and an apartment complex where he sold drugs. Even accepting, for the sake of argument, Allison's contention that he was not actually living at the residence as a result of a domestic dispute, we discern no clear error

in the district court's finding by a preponderance of the evidence that Allison maintained a premises for the purpose of drug distribution. *See United States v. Bell*, 766 F.3d 634, 638 (6th Cir. 2014) ("Drug storage on the property and transactions on the property will usually suffice [to establish primary use.]").

Finally, the district court did not clearly err by applying a three-level aggravated role enhancement under USSG § 3B1.1(b). "Section 3B1.1(b) provides for a three-point enhancement '[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive.'" *United States v. Burnley*, 988 F.3d 184, 187-88 (4th Cir. 2021) (quoting USSG § 3B1.1(b)). Allison contends that the enhancement was improper because he was in a mere buyer-seller relationship with his codefendants. *See United States v. Slade*, 631 F.3d 185, 190 (4th Cir. 2011) (explaining that "being a buyer or seller of illegal drugs, even in league with five or more other persons, does not establish that a defendant has functioned as a manager or supervisor of criminal activity" (cleaned up)). In determining that this enhancement applied, the district court expressly rejected Allison's buyer-seller argument, emphasizing the evidence that Allison's codefendants made deliveries, picked up payments, and turned money over to him, all at his direction. Because the evidence supports the district court's conclusion that Allison operated as a manager or supervisor, the court did not clearly err by applying this enhancement.

## III

In accordance with *Anders*, we have reviewed the record in its entirety and have found no meritorious issues for appeal. Accordingly, we affirm the district court's

6

judgment.  This court requires that counsel inform Allison, in writing, of the right to petition the Supreme Court of the United States for further review.  If Allison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Allison.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*